CHICAGO—FIRST DISTRICT—MARCH, 1917.    531

J. S. Hoffman Co. v. Sterling Packing Co., 204 Ill. App. 531.

## J. S. Hoffman Company, Defendant in Error, v. Sterling Packing Company, Plaintiff in Error.

### Gen. No. 21,713.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 28, 1917.

### Statement of the Case.

Action by J. S. Hoffman Company, a corporation, plaintiff, against Sterling Packing Company, a corporation, defendant, to recover $975.25, for goods sold and delivered and upon an account stated. From a judgment for plaintiff, upon striking defendant's affidavit of merits and statement of set-off from the files, defendant brings error.

BLUM, WOLFSOHN & BLUM, for plaintiff in error.

RINGER, WILHARTZ, LOUER & CONCANNON, for defendant in error; GROVER C. McLAREN, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*how defense of rescission of contract and alleged custom may be pleaded.* Under Rule 22 of the Municipal Court, providing that a statement or affidavit may be stricken from the files and judgment rendered accordingly as may be just when the party appears to be relying upon a cause of action or defense which is unfounded in law, where a defendant undertakes to set up a defense of rescission of the contract sued on, and an alleged custom, it is not necessary for him to set out in detail every fact and element that would be necessary to make

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a complete defense, nor for the plaintiff to set forth the facts which, if proven, might defeat such defense.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when defense of general custom sufficiently pleaded.* Where a defendant in defense to a statement of claim in the Municipal Court relies upon a certain general custom, it is sufficient in his affidavit of merits or statement of set-off to inform the plaintiff he intends to rely upon such custom, the nature of which is expressly set forth.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*necessity of pleading reasonableness or validity of general custom.* The reasonableness of a general custom or whether it is against public policy relied upon as a defense to a statement of claim in the Municipal Court, *held*, to be matter to be gone into only in the course of the trial and not necessary to be pleaded.